IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ALAN L. M. ROBINSON,

       Plaintiff,

      v.

LANE COMMUNITY COLLEGE, a state of Oregon entity, JACE SMITH, JANE DOE 1, JAMES HARRIS, LISA RUPP, OMNI TRADING INC., PUDDLE JUMPER TOWING, INC., OSP, VANNESSA COLLINS, JESSE THORN, and the UNITED STATES OF AMERICA, by and through its DEPARTMENT OF VETERANS AFFAIRS,

       Defendant.

Civ. No. 6:15-cv-01468-MC

OPINION AND ORDER

---

MCSHANE, Judge:

Plaintiff, *pro se*, brings this motion to proceed *in forma pauperis*, ECF No. 2, and an action against various defendants under 42 U.S.C. §§ 1983, 1985, and 1988,[1] and the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101–12213, for various claims arising out of a parking dispute and related detention, ECF Nos. 1, 5.

This Court may dismiss a claim *sua sponte* under FRCP 12(b)(6) for failure to state a claim upon which relief can be granted. *Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987) (citations omitted). Likewise, if a plaintiff proceeds *in forma pauperis*, this Court is required to dismiss "the case at any time if the court determines that" the action or appeal is

---

[1] Plaintiff mistakenly references 28 U.S.C. §§ 1983, 1985, and 1988 within his filings. *See* Compl. 5, ECF No. 1.

1 – OPINION AND ORDER

"frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. §

1915(e)(2)(B). Upon review, plaintiff's motion to proceed *in forma pauperis*, ECF No. 2, is

GRANTED, and plaintiff's complaint, ECF No. 1, and amended complaint, ECF No. 5, are

DISMISSED with leave to amend.

### STANDARD OF REVIEW

"In civil rights cases where the plaintiff appears pro se, [this Court] must construe the

pleadings liberally and must afford plaintiff the benefit of any doubt." *Karim-Panahi v. L.A.*

*Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988) (citations omitted). This Court must give a *pro se*

litigant "leave to amend his or her complaint unless it is absolutely clear that the deficiencies of

the complaint could not be cured by amendment." *Id.* (citations and internal quotation marks

omitted). "Moreover, before dismissing a pro se civil rights complaint for failure to state a claim,

[this Court] must give the plaintiff a statement of the complaint's deficiencies." *Id.*

### DISCUSSION

Plaintiff, in his complaints, seeks relief under 42 U.S.C. § 1983 and the ADA for injuries

sustained during a detention that occurred on July 9, 2015.[2] Plaintiff seeks to recover over three

million dollars in damages.

To survive this assessment under FRCP 12(b)(6) and 28 U.S.C. § 1915(e)(2)(B), plaintiff

must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic*

*Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Under this standard, plaintiff's alleged facts must

constitute "more than a sheer possibility that a defendant acted unlawfully." *Ashcroft v. Iqbal*,

---

[2] On July 9, 2015, defendant Jane Doe 1, who is alleged to be employed by Lane County Community College, inquired about the location of plaintiff's parked vehicle. Following her interaction with plaintiff, Jane Doe 1 allegedly contacted the police. Defendants James Harris and Lisa Rupp, who appear to be the responding officers, allegedly used excessive force in detaining plaintiff. Plaintiff's vehicle was subsequently towed.

2 – OPINION AND ORDER

556 U.S. 662, 678 (2009). This Court must assume that the allegations contained in the complaint are true. *Id.*

Plaintiff's allegations, at least as currently articulated, are insufficient to state a claim. To properly state a claim, plaintiff's complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FRCP 8(a)(2). Plaintiff need, in a second amended complaint, specify the claim or claims he is asserting against each individual named defendant. For example, if plaintiff intends to assert a claim or claims under the ADA, he must explain how *each* individual defendant or defendants violated the ADA. *See Fogleman v. State of Oregon*, Case No. 6:14-cv-02027-MC, First Am. Compl. 4–5, ECF No. 19 (D. Or. May 6, 2015) (asserting a discrimination claim against a single named defendant under Title I of the ADA, 42 U.S.C. § 12112).

## CONCLUSION

For these reasons, plaintiff's motion to proceed *in forma pauperis*, ECF No. 2, is GRANTED, and plaintiff's complaint, ECF No. 1, and amended complaint, ECF No. 5, are DISMISSED with leave to amend. **Plaintiff is allowed 30 days from the date of this order to file an amended complaint curing the deficiencies identified above.**

IT IS SO ORDERED.

DATED this **13** day of August, 2014.

_____
**Michael J. McShane**
**United States District Judge**

3 – OPINION AND ORDER